UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE SAGET, et al., | No. 2:23-cv-00408-DAD-DB |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION TO REMAND |
| KIA AMERICA, INC., | (Doc. No. 9) |
| Defendant. | |

This matter is before the court on plaintiffs' motion to remand this action to the Sacramento County Superior Court. (Doc. No. 9.) On April 25, 2023, plaintiffs' motion was taken under submission on the papers. (Doc. No. 13.) For the reasons explained below, the court will deny plaintiffs' motion to remand.

**BACKGROUND**

On January 23, 2023, plaintiffs Nathalie and Marc Saget filed a complaint initiating this action against defendant Kia America, Inc. ("Kia") and Does 1 through 10, inclusive, in the Sacramento County Superior Court. (Doc. Nos. 1-2 at 2.) Therein, plaintiffs allege the following. On October 23, 2020, plaintiffs purchased a new 2020 Kia Soul (the "subject vehicle"), and Kia issued express warranties in connection with that transaction, which plaintiffs allege Kia subsequently breached. (Doc. No. 1-2 at 3–6.) As a result, plaintiffs brought this civil action in state court asserting state law claims under California's Song-Beverly Consumer

1

1  Warranty Act and federal law claims under the Magnuson-Moss Warranty Act ("MMWA"), 15
2  U.S.C. § 2301, *et seq*., against defendants for breach of express and implied warranty. (*Id.* at 7–
3  12.) With regard to their MMWA claim, plaintiffs specifically allege that as a direct and
4  proximate result of defendant's violations of the MMWA, plaintiffs "have sustained, and continue
5  to sustain, actual, incidental and consequential damages in the approximate amount of $73,000
6  according to proof." (*Id.* at 10, ¶ 48.)

7  On March 3, 2023, defendant Kia removed this action to this court pursuant to 28 U.S.C.
8  §§ 1331 and 1441(b) on the grounds that federal question jurisdiction exists because plaintiffs
9  bring two claims under the MMWA, a federal statute. (Doc. No. 1. at 3.) In addition, defendant
10 Kia asserts in its notice of removal that based on the allegations in the complaint, the specific
11 amount in controversy requirement applicable to MMWA claims—that the amount in controversy
12 "computed on the basis of all claims to be determined" in the lawsuit "exceed $50,000.00
13 (exclusive of interest and costs)"—is readily satisfied here. (*Id.*)

14 On March 31, 2023, plaintiffs moved to remand this action to the Sacramento County
15 Superior Court, arguing merely that there is a presumption against removal jurisdiction and this
16 lemon law case should not be litigated in federal court. (Doc. No. 9.) On April 17, 2023,
17 defendant Kia filed an opposition to plaintiffs' motion to remand. (Doc. No. 12.) On April 27,
18 2023, plaintiffs filed a reply thereto. (Doc. No. 14.)

## LEGAL STANDARD

20 A suit filed in state court may be removed to federal court if the federal court would have
21 had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case
22 originally filed in state court presents a federal question or where there is diversity of citizenship
23 among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331,
24 1332(a).

25 "If at any time before final judgment it appears that the district court lacks subject matter
26 jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly
27 construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to
28 the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.

2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**DISCUSSION**

Here, despite bringing two federal claims under the MMWA in their complaint, and despite alleging that approximately $73,000.00 in actual damages resulted specifically from the alleged violation of the MMWA, plaintiffs do not address federal question jurisdiction in their pending motion to remand. Indeed, plaintiffs do not provide any discussion related to these federal claims in their motion to remand at all. Rather, plaintiffs confusingly and unhelpfully recite various legal standards and cite to case law that stands for the uncontested proposition that there is a presumption against removal jurisdiction. (Doc. No. 9.) Plaintiffs' motion fails to articulate any legitimate argument as to why this court lacks subject matter jurisdiction over this case.

In its opposition, defendant Kia emphasizes that because "plaintiffs' complaint includes two causes of action under a federal statute, the MMWA, which undoubtedly arise under federal law, the court has original jurisdiction over plaintiffs' MMWA claims." (Doc. No. 12 at 4.) The court agrees. Moreover, given plaintiff's alleged damages in the complaint, the amount in controversy requirement under the MMWA is easily satisfied here. *See Miller v. Ford Motor Co.*, No. 19-cv-07382-BLF, 2020 WL 5569706, at *2 (N.D. Cal. Sept. 17, 2020) (noting that "federal

courts will have subject matter jurisdiction over [plaintiff's MMWA claims] if the total amount in controversy is greater than or equal to $50,000"); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402–04 (9th Cir. 1996) (explaining that when a complaint filed in state court alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount).

Accordingly, defendant's removal of this action based on federal question jurisdiction was proper.

## CONCLUSION

For the reasons explained above, plaintiffs' motion to remand (Doc. No. 9) is denied.

IT IS SO ORDERED.

Dated: **August 2, 2023**

_____
UNITED STATES DISTRICT JUDGE